UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREG CARSON NELSON,

        Plaintiff,

v.                                   Case No. 3:05-cv-433-J-20MCR

ELIO MADAN,
etc.; et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a Civil Rights Complaint Form (Doc. #1). He is proceeding on an Amended Complaint (Doc. #16).[1] He names Elio Maddan, the Chief Health Officer at Florida State Prison, and Daryl Makoff, a podiatrist at the North Florida Reception Center, as the Defendants in this action. He contends that the Defendants have been deliberately indifferent to his serious medical needs.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act, which amended The Civil Rights of

---

[1] On September 7, 2005, the Court construed Plaintiff's August 22, 2005, Motion to Stay (Doc. #17) as a request for an extension of time to file a second amended complaint and granted that request. However, Plaintiff has notified the Court that he wishes to proceed on his Amended Complaint (Doc. #16). See Response to Court Order (Doc. #20), filed September 26, 2005.

Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Pursuant to 42 U.S.C. § 1997e(a), this Court has an independent duty to review the Amended Complaint to ensure Plaintiff has fully exhausted all of his claims against each Defendant. See Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1209-10 (10th Cir. 2003) (finding that the Prison Litigation Reform Act's exhaustion requirement is not an affirmative defense, but rather must be pled by the inmate in his complaint and verified via written documentation, and failure to do so is tantamount to failing to state claim upon which relief may be granted); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998) (finding that district courts should *sua sponte* enforce the exhaustion requirement imposed by the Prison Litigation Reform Act with regard to actions by prisoners challenging prison conditions, if not raised by the defendant).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress

2

has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326).

> In Alexander v. Hawk, [the Eleventh Circuit] noted seven important policies favoring an exhaustion of remedies requirement:
>
>> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."
>
> 159 F.3d at 1327 (quoting Kobleur v. Group Hospitalization & Medical Services, Inc., 954 F.2d 705 (11th Cir. 1992)). Each one of those policies is furthered by reading § 1997e(a) to require that a prisoner provide with his grievance all relevant information reasonably available to him.

3

Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000). Thus, in Brown, the Eleventh Circuit held "that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner reasonably can provide." Id. at 1210.

From a review of the copies of the grievances Plaintiff appended to his Amended Complaint, it is apparent that Plaintiff failed to include in his administrative grievances the identity of those persons who were directly involved in the alleged deprivations. Plaintiff knew or could have reasonably obtained the identities of the Defendants at the time he filed his administrative grievances. Clearly, Plaintiff has not exhausted any of his claims against the Defendants named in this action. Plaintiff's case should not have been filed without first exhausting his available administrative remedies. For this reason, this case will be dismissed without prejudice.[2]

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The **Clerk of Court** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent

---

[2] Plaintiff may resubmit his claims in a separate action in this Court after he has fully exhausted each claim against each Defendant through the grievance procedure available to him.

4

Form and Financial Certificate" to Plaintiff. If Plaintiff elects to refile his claims in a separate action after fully exhausting each claim against each Defendant, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

    4.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 9/30
c:
Greg C. Nelson